NEW. YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
November, 1880.

## WEST v. MAPES.

*In the matter of the estate of* MARGARET SHAUD, *deceased.*

Section 32, 3 *R. S.*, 78 (6 ed.), giving unmarried women a preference over married women to letters of administration, has been repealed by section 2, chapter 782, *Laws of* 1867.

Hence, *Held,* that upon the application of a married woman for letters of administration, it is not necessary to serve a citation on an unmarried sister of the applicant, as one having a prior right to administration.

APPLICATION for letters of administration.

The decedent died June 23, 1880, leaving a son, Peter, a daughter, Agnes S., wife of William West, and Kate L. S. Mapes, a widow. Peter, the son, executed and filed, July 10, 1880, a renunciation of his right to administration. Mrs. West attained her majority July 19, 1880, and Mrs. Mapes is about twenty-nine years of age.

On July 10, 1880, Mrs. Mapes filed a petition for letters of administration, and on the same day executed a bond in the penalty of $18,000, and took the oath as administratrix, but the sureties did not sign, and the matter was postponed. The sureties appeared on July 19, 1880, and executed the bond and justified therein, but before letters were issued Mrs. West filed objections to the sufficiency of the sureties.

On a petition presented and verified July 19, 1880, by Mrs. West, the day on which she attained her majority, setting forth the renunciation of her brother Peter, she asked for letters of administration upon her mother's

estate, but stated nothing in her petition upon the sub-ject of her marriage.

The answer of Mrs. Mapes showed that no citation had been served upon her, on the petition of Mrs. West, and it was claimed by her counsel that under the statute she had a preference over her sister, by reason of the latter being a married woman, and therefore the statute re-quired that a citation should issue to her. On the part of Mrs. West, it was claimed that no such preference exists.

J. K. HAYWARD, *for petitioner*.

NORWOOD & COGGESHALL, *opposed.*

THE SURROGATE.—It is quite clear that Mrs. Mapes, having first filed her petition, and executed the requisite bond, in case the sureties shall justify to the satisfaction of the Surrogate, will be entitled to letters in preference to Mrs. West, her sister, though it shall be adjudged that the statute giving preference to the unmarried sister has been repealed by implication, so that she is only required to produce her sureties for justification to secure her letters.

By section 32 of 3 *R. S.*, 78 (6 ed.), it is provided that when there shall be several persons in the same degree of kindred to the intestate, entitled to administration, they shall be preferred in the following order: 1st. Males to females; 2d. Relatives of the whole blood to those of the half blood; 3d. Unmarried women to such as are married.

When there are several persons equally entitled, the Surrogate may, in his discretion, grant letters to one or more of such persons, but by section 5 of same statute,

32

being section 2 of chapter 782 of the *Laws of* 1867, it is provided that married women shall be capable of acting as executrices or administratrices, guardians of minors, and of receiving letters testamentary or of administration, or of guardianship, as though they were single women.

I might, with propriety, omit to pass upon the effect of the latter statute, until it shall be determined whether Mrs. Mapes shall perfect her bond, and take letters, because, in that event, Mrs. West would have no standing, as the so-called *caveat* filed by her only raises the question of the sufficiency of Mrs. Mapes's sureties; and the suggestion that a reference should be made to enable her to show the propriety of granting her letters, instead of Mrs. Mapes, raises no question as to the fitness of the latter, and does not amount to a *caveat*; and the so-called *caveat* filed against the application of Peter is inoperative, for the reason that the latter has made no application, but has renounced.

Section 5, above referred to, seems to empower a married woman to act as executrix, administratrix, &c., and to receive letters as though she were a single woman; but if she is to be postponed, under section 32, above cited, to an unmarried sister, then she does not receive as though she were single, but her marriage is made a hindrance to her; and so long as an unmarried sister shall be preferred to her, section 5 cannot have its full operation; and for that reason, recognizing the general doctrine that a repeal of a statute will not be implied where the two statutes can stand together, yet it seems to me that it is impossible to continue the preference provided by section 32, and still maintain that she is capa-

ble of receiving letters as though she were not married. One seems designed to put them on an equality, and the other to maintain inequality, and the subsequent section must therefore be held a repeal of the former statutes, thus inconsistent with the maintenance of a married woman's equality with an unmarried woman.

I am, therefore, of the opinion that in case Mrs. Mapes shall not perfect her bond, Mrs. West, on her application, will be entitled to letters without citing her unmarried sister, who is not entitled to preference over her under the statute referred to.

Ordered accordingly.